AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | | |
|---|---|---|
| United States of America<br>v.<br>Eric M. GOMEZ<br>XX-XX-1986<br>XXX-XX-4417<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No.  20mj1880 |

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 20th, 2020__ in the county of __Bernalillo__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| TITLE 18 U.S.C. 922(g)(1) | TITLE 18 U.S.C. 922(g)(1) - Convicted felon in possession of a firearm and ammunition that has traveled in and affected interstate commerce. |

This criminal complaint is based on these facts:

See the attached affidavit which has been approved by Supervisory Assistant United States Attorney J. Burkhead

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Kacy Ramos, Task Force Officer, ATF
*Printed name and title*

Signed electronically and sworn telephonically

Date: 11/03/2020

_____
*Judge's signature*

City and state: Albuquerque, NM

Steven C. Yarbrough, United States Magistrate Judge
*Printed name and title*

Criminal Complaint -

United States of America
      V.
Eric M. GOMEZ
SSN: 4417

1. I, Kacy Ramos, a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, deposes and states:

2. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives Task Force, Albuquerque Field Office. (ATF). I have been a member of ATF Task Force since January of 2018. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), in that I am an officer of the United States who is empowered by law to conduct investigations and make arrests for the offenses enumerated in Title 18 and 26, United States Code.

3. I am a certified and sworn law enforcement officer within the state of New Mexico and have been so for approximately eleven years. During my career I have investigated numerous felony crimes and have extensive experience with investigative processes to include search warrants, arrest warrants, interviews, surveillance, etc.

4. The statements contained in this affidavit are based, in part, on information provided by Special Agents and/or Task Force Officers of the ATF and other law enforcement officers, and on my background and experience as a Task Force Officer of the ATF.

5. This affidavit is intended to show only that there is sufficient probable cause for the authorization of the requested complaint and arrest warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

6. On October 26th, 2020, your Affiant learned of the arrest of Eric GOMEZ, a convicted felon, by the Albuquerque Police Department.

7. On October 20th, 2020, officers with the Albuquerque Police Department (APD) were dispatched to the area of 125 Western Skies Drive SE, Albuquerque, New Mexico in regards to a shooting.

8. Officers arrived in the area and located a male with gun shots wounds to his leg. The identity of the male is known to your Affiant and will be referred to as "JD." JD told officers he was shot by a male with a "pink shirt." JD was transported to the hospital to receive medical treatment.

9. Officers located a witness to the shooting whose identity is known to your Affiant and

will be identified as "SB." SB said he heard gunshots and observed JD limping. SB said he believed another male sitting at the bus stop was involved in the shooting. The male was later identified as GOMEZ. Officers attempted to contact GOMEZ, however he walked away and refused to listen to officers. Officers eventually were able to contact GOMEZ after which he was detained. When GOMEZ was detained he was wearing a backpack that was secured by officers.

10. While at the hospital, JD told officers that he was walking when he contacted a male and female. The male was later identified as Eric GOMEZ. JD talked to the female and GOMEZ responded by telling the JD to call him "daddy," however JD refused to do so. GOMEZ responded by pulling a firearm from a backpack that he was wearing. GOMEZ pointed the firearm at JD and pulled the trigger, but the gun did not fire. JD turned around and began to walk away when he heard gun shots and was shot twice in the legs.

11. Officers on scene contacted two witnesses who were in the area when the shooting occurred. The identity of the witnesses are known to your Affiant and will be identified as "BM" and "EM." BM/EM were in an alley when they heard gun shots. They observed a male running from the area holding a firearm. They observed another male limping from the area and believed he had been shot. A field identification was conducted and both EM and BM positively identified GOMEZ as the male who was running from the area of the gunshots holding a firearm.

12. Officers on scene contacted another witness whose identity is known to your Affiant and will be identified as "BS." BS was inside a shed with JD when talking was heard outside of the shed. JD stepped outside of the shed and was confronted by a male who told JD to call him "daddy." JD refused to do so and after which the male pointed a revolver at JD. JD turned and walked away and the male shot at JD. A field identification was conducted and BS identified GOMEZ as the male who shot JD.

13. Based upon the totality of the investigation, GOMEZ was placed under arrest for the shooting of JD. Incident to this arrest, a search of the backpack found on GOMEZ was conducted. Officers located a black revolver in the backpack. The revolver was loaded and also had at least two spent cartridge casings.

14. GOMEZ was later booked into MDC and did not wish to provide a statement to on scene officers.

15. On November 2nd, 2020, your Affiant viewed the firearm recovered during the incident which was identified as a Heritage, model Rough Rider, 22 caliber pistol, bearing serial number V19466. Your Affiant also viewed three (3) rounds of Super X, 22 caliber ammunition. Your Affiant conducted a function test of the revolver and determined it functioned as designed. Your Affiant also conducted research and determined that neither the firearm nor ammunition were manufactured in the state of New Mexico. Therefore, the firearm and ammunition traveled in and affected interstate commerce.

16. Your Affiant conducted further research and learned that GOMEZ is a convicted felon in at least the following causes; Commercial Burglary, in cause number D-202-CR-2005-005792, out of the Second Judicial District Court of New Mexico; Forgery, in cause number D-202-CR-2010-04492, out of the Second Judicial District Court of New Mexico; Burglary, in cause number D-202-CR-2012-01454, out of the Second Judicial District Court of New Mexico; Larceny, in cause number D-202-CR-2012-01454, out of the Second Judicial District Court of New Mexico; Commercial Burglary, in cause number D-202-CR-2013-03018, out of the Second Judicial District Court of New Mexico; Residential Burglary, in cause number D-202-CR-2015-01059, out of the Second Judicial District Court of New Mexico.

17. Based upon these facts, your Affiant opines there is probable cause to believe that Eric GOMEZ, a previously convicted felon, possessed a firearm that has traveled in interstate commerce, in violation of Title 18 U.S.C. §§ 922(g)(1) and 924.

Respectfully submitted,

Kacy Ramos
Task Force Officer
ATF

Signed electronically, sworn telephonically on November 3, 2020:

UNITED STATES MAGISTRATE JUDGE